

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-20-2005

# USA v. Young

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2326

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Young" (2005). *2005 Decisions.* Paper 525.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/525

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No:  04-2326

UNITED STATES OF AMERICA

v.

SHERROD YOUNG, a/k/a
"G",

Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court No.:  01-CR-00401
District Judge:  The Honorable Edwin M. Kosik

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 15, 2005

Before: SLOVITER, BARRY, and SMITH, *Circuit Judges*

(Filed:   September 20, 2005)

OPINION OF THE COURT

SMITH, *Circuit Judge.*

Sherrod Young was convicted by a jury of conspiring to distribute crack cocaine in

violation of 21 U.S.C. § 846, and of three counts of distributing and possessing with the

intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1).  The District Court

for the Middle District of Pennsylvania sentenced Young to 324 months' imprisonment on the conspiracy count, and concurrent 240 months' imprisonment on the distribution and possession counts. This timely appeal followed.[1]

Young contends that his conviction should be vacated because the District Court erred by denying his motion to suppress evidence seized during the execution of a search warrant at his home. He also submits that evidence adduced at trial is insufficient to support his conviction on the conspiracy offense. Alternatively, Young asserts that a new trial is warranted because the District Court did not grant his request for a separate conspiracy charge and the verdict form failed to properly submit to the jury whether he was guilty of a lesser included offense. Finally, Young argues that he should be resentenced in accordance with *United States v. Booker*, 125 S.Ct. 738 (2005).

Young's motion to suppress challenged whether there was probable cause to issue a warrant to search his home. We review the District Court's factual findings for clear error and conduct de novo review of the application of the law to those facts. *United States v. Lockett*, 406 F.3d 207, 211 (3d Cir. 2005). As a reviewing court, we "must determine only that the magistrate judge had a 'substantial basis' for concluding that probable cause existed to uphold the warrant." *United States v. Whitner*, 219 F.3d 289, 296 (3d Cir. 2000) (citing *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). Here, the affidavit of probable cause recited that a controlled buy had occurred at Young's residence within

---

[1]The District Court had jurisdiction under 18 U.S.C. § 3231. Appellate jurisdiction exists pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

the previous forty-eight hours, that Young had been picked up at his residence prior to other controlled buys, and that the police had verified that Young resided at that particular address. These facts provided a substantial basis for finding that there was a fair probability that evidence of a crime would be found at Young's home. Accordingly, the District Court did not err by denying Young's motion to suppress.

Young contends that the evidence was insufficient to support his conviction for conspiring to distribute in excess of fifty grams of crack cocaine. Rather, Young asserts that the evidence proved, at best, that there were a series of conspiracies to sell less than five grams of crack cocaine. In other words, Young relies upon the variance doctrine set out in *Kotteakos v. United States*, 328 U.S. 750 (1946). Under that doctrine, we must vacate Young's conviction if the evidence at trial, instead of establishing a single conspiracy as charged in the indictment, proves merely multiple conspiracies. *United States v. Salmon*, 944 F.2d 1106, 1116 (3d Cir. 1991). On this issue we "must review the record evidence in the light most favorable to the government to determine whether a reasonable jury could find the existence of a single conspiracy." *Id.*

Michelle Kowalski testified that beginning in March 2001 she lived for a period of time with Kevin Dowdy and Young, that people would come to that location to purchase crack cocaine, and that she would sell the crack cocaine packaged in $20 bags. She explained that, on a typical day, twenty or more such transactions occurred. In addition to Dowdy and Young, Kowalski testified that Butter, *i.e.* Bernard Jones, was also involved

3

in the distribution of these drugs and that the three men "were there together, they stayed together, they lived together, they moved together."  If she had problems with the quantity or quality of the crack she sold, Kowalski contacted Jones because "he seemed like he was the one to fix the problems."  Kowalski also described numerous trips to New York with Dowdy and Young to obtain additional crack cocaine to sell.

As if Kowalski's testimony weren't damning enough, Melissa Martin testified that she lived with Dowdy from September 2001 until December 2001 when she was arrested. During that time she also sold crack cocaine, and she described how Dowdy sold crack "all day.  Sometimes it was all night."  Dowdy, according to Martin, worked with Young, and on occasion she would drive the two men to New York so they could purchase more crack cocaine.  Although Martin was unable to specify the exact quantity of crack cocaine involved, she described that the crack was in "bars" and that a thousand dollars usually exchanged hands.  Martin confirmed that she was present with Dowdy and Jones when the police searched the residence in which she and Dowdy lived in December 2001 and seized the crack cocaine that had been purchased by Dowdy and Jones the night before.

Law enforcement officials also testified, describing the numerous controlled buys, the seizure of 58.3 grams of crack cocaine from Dowdy's and Martin's residence, and the seizure of crack cocaine from Young's residence.  Gerard Pender, another player in the conspiracy, also testified about Young and Dowdy's roles in the scheme.

The evidence shows that Young, Dowdy and Jones shared a common goal, namely

making a profit from the sale of crack cocaine. Their scheme depended upon Young, Dowdy and Jones maintaining the contacts that they had with their suppliers in New York. Although there were other individuals performing various roles in this drug conspiracy, these men were the constants in the operation. For that reason, we conclude that the evidence was more than sufficient for a reasonable jury to find the existence of a single conspiracy. *Salmon*, 944 F.2d at 1116-17; *see also United States v. Padilla*, 982 F.2d 110, 114 (3d Cir. 1992) (acknowledging that we have "previously held that drug conspiracies involving numerous suppliers and distributors operating under the aegis of a common core group can be treated as a single conspiracy"). Accordingly, there was no variance between the indictment and the proof adduced at trial.

Along this same line, Young challenges the District Judge's refusal to grant his requested jury instruction which would have allowed the jury to determine if there was a single conspiracy as charged or multiple conspiracies. The District Judge denied the request because he did not think it was applicable. Because Young's request for this single/multiple conspiracy instruction did not "preserve [his] objection to the instruction actually given by the court," *Jones v. United States*, 527 U.S. 373, 388 (1999), and because he made no further objection before the jury retired, we review for plain error. *Id.*; *United States v. Olano*, 507 U.S. 725, 732 (1993) (discussing requirements of Fed. R. Crim. P. 52(b)). Under this standard, "only those errors that 'undermine the fundamental fairness of the trial and contribute to a miscarriage of justice' will be reversed." *Gov't of*

5

*the Virgin Islands v. Fonseca*, 274 F.3d 760, 765 (3d Cir. 2001) (internal quotation marks and citations omitted). In light of our conclusion that there was more than sufficient evidence of record supporting the single conspiracy of conviction, and in the absence of evidence suggestive of the existence of separate and distinct conspiracies, we find no error, plain or otherwise, in the District Court's refusal to give the requested single/multiple conspiracy instruction.

Consistent with the fact that Young pressed for a single/multiple instruction, Young also requested that the verdict slip allow for his conviction on a lesser included offense, namely conspiracy to distribute less than fifty grams of crack cocaine. Although Young acknowledges that the District Court tried to accommodate this request, Young asserts that the verdict slip was inconsistent, confusing and ultimately prevented the jury from convicting him of a lesser included offense. For that reason, Young asserts that his conspiracy conviction should be vacated and he should be awarded a new trial.

Although we agree with Young that questions one, two, and three on the verdict slip could have confused the jury and were susceptible to inconsistent answers, the fact remains that the jury was not confused. Its answer to each question was that the quantity of crack cocaine involved was 50 grams or more. The fact that there was a possibility of confusion hardly warrants setting aside Young's conspiracy conviction. Indeed, the Supreme Court's decision in *United States v. Powell*, 469 U.S. 57 (1984), instructs that such relief is not available. There, the Court adhered to the rule enunciated in *Dunn v.*

*United States*, 284 U.S. 390 (1932), that a criminal defendant is not entitled to have his conviction on one count set aside because it is inconsistent with his acquittal on another count. *Powell*, 469 U.S. at 63-69. Accordingly, in the absence of either confusion or an inconsistency in the verdict, there is no reason to disturb the jury's verdict of guilty for which there is sufficient evidence.

Finally, Young contends that the District Court erred at sentencing by finding under U.S.S.G. § 1B1.3 that the quantity of crack cocaine was 150 to 500 grams, that he had a managerial role under U.S.S.G. § 3B1.1(b), and that a two point upward adjustment under U.S.S.G. § 2D1.1(b)(1) was warranted because he possessed a firearm. Relying on *Blakely v. Washington*, 124 S.Ct. 2531 (2004), Young asserts that these findings had to be made by a jury. In a Rule 28(j) letter filed in February 2005, Young cited as additional authority the Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005), and requested resentencing. For the reasons set forth in *United States v. Davis*, 407 F.3d 162 (3d Cir. 2005) (en banc), we will grant Young's request, vacate the sentence and remand to the District Court for resentencing in accordance with *Booker*.